IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00824-REB-MEH

FIRST AMERICAN MORTGAGE, INC.,

     Plaintiff,

v.

FIRST HOME BUILDERS OF FLORIDA,
K. HOVNANIAN FIRST HOMES, LLC,
FIRST HOME TITLE,
BUILDERS MORTGAGE COMPANY, LLC,
FIRST MORTGAGE LENDERS OF FLORIDA, LLC,
D'ALESSANDRO & WOODYARD, INC.,
GATES D'ALESSANDRO & WOODYARD, INC.,
PATRICK LOGUE, an individual, and
JAMES SUBLETT, an individual,

     Defendants.

---

## ORDER ON MOTION TO AMEND

---

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and Jury

Demand [filed October 8, 2010; docket #70]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo.

LCivR 72.1C, this matter has been referred to this Court for disposition [docket #71]. The matter

is fully briefed, and oral argument would not assist the Court in its consideration of this matter. For

the reasons that follow, the Court **grants** the Plaintiff's motion.

### BACKGROUND

Plaintiff initiated this lawsuit on April 12, 2010 claiming that Defendants breached a

construction loan agreement, breached a duty of good faith and fair dealing, made false

representations and concealed material facts to facilitate the underwriting, approval and funding of

construction loans by the Plaintiff, and engaged in a pattern of racketeering in violation of RICO.

Docket #1.  Days later, Plaintiff filed an Amended Complaint that is not materially different than the original complaint, but contains attached exhibits in support of the Amended Complaint.  Docket #4.

Defendants First Home Title and Gates, D'Alessandro & Woodyard, Inc. responded to the Amended Complaint by filing motions to dismiss for lack of personal jurisdiction.  Dockets #40 and #59.

Defendants K.Hovnanian First Homes, LLC and First Mortgage Lenders of Florida, LLC filed a "consolidated" motion to dismiss asserting that Plaintiff fails to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6).  Docket #47.  Defendants First Home Builders of Florida, Patrick Logue and James Sublett are scheduled to file an answer or other response to the Amended Complaint on or before December 29, 2010.  Docket #110.

According to the Plaintiff, the proposed second amended complaint adds no additional parties nor claims for relief, but only additional factual averments to support the claims alleged in the operative Amended Complaint.  The Plaintiff asserts that "since filing the First Amended Complaint, counsel for Plaintiff has gained additional personal knowledge, information and beliefs based upon the investigation as to all claims alleged in the initial action. The Second Amended Complaint incorporates these new facts, knowledge, information and beliefs."  Docket #70 at ¶ 3.

Plaintiff contends that its motion to amend is timely as it was filed before the October 15, 2010 deadline for joinder of parties and amendment of pleadings.  *Id.* at ¶ 10.  Moreover, Plaintiff asserts that its motion is made in good faith in that the Second Amended Complaint does not represent a change in Plaintiff's tactics or theories but, rather, seeks to correct previously filed complaints and cure the inadequacies brought to light upon the filing of Defendants' motions to dismiss.  *Id.* at ¶¶ 12 and 13.

Defendant Gates, D'Alessandro & Woodyard, Inc. filed a two-sentence response to the present motion asserting that the amendments are "futile in that the personal jurisdiction issues are not resolved." Docket #95. Defendants K.Hovnanian First Homes, LLC and First Mortgage Lenders

of Florida, LLC respond arguing that Plaintiff's request for amendment is unduly delayed, unduly

prejudicial, and made in bad faith.  Defendants contend that, while the motion may have been timely

filed pursuant to the Scheduling Order in this matter, the facts underlying the proposed amendments

were known to the Plaintiff at the time it filed the original and first amended complaints.  Docket

#104 at 3.  Defendants contend that any knowledge gained by Plaintiff's counsel is immaterial.  *Id.*

Moreover, Defendants argue that the proposed amendments are made in bad faith, since the "new"

facts proposed in the Second Amended Complaint directly contradict those alleged in the First

Amended Complaint and are proffered solely to avoid fatal deficiencies with respect to the applicable

statutes of limitations.  *Id.*  The Court will address each argument in turn.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for

service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend

its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P.

15(a) (2010).   Rule 15 instructs courts to "freely give leave when justice so requires."  *Id.*

Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed,

unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank*

*v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### I.      Undue Delay

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave

to amend.  *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v.*

*Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether

Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196,

1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation

for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party

seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendants contend that Plaintiff proffers no adequate explanation for a delay of six months from the time the First Amended Complaint was filed, considering that Plaintiff "admits" it knew of the "new" facts at that time. Plaintiff responds that it has filed its motion to amend within the deadline set for amendment of pleadings in this case and Defendants have cited no prejudice as a result of any timeliness issue.

The Court agrees with the Plaintiff. The motion is timely filed before the October 15, 2010 deadline for amendment of pleadings set by the Court in this case.[1] Thus, the Plaintiff has caused no delay in moving to amend at this stage of litigation. Consequently, the Court need not address whether any "delay" is undue. *Minter*, 451 F.3d at 1206.

Moreover, the Court agrees with the Plaintiff that its amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Id.* at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendants claim no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, the amendments suggest no new parties nor claims for relief, discovery has recently begun, and trial is not scheduled in this case until March 2012.

## II.  Bad Faith

Defendants argue that Plaintiff has engaged in bad faith by seeking amendments that expand

---

[1]The Court notes that the parties originally proposed a much later date for amendment of pleadings, March 30, 2011. *See* docket #33 at 8.

the factual allegations made in the original complaint, asserting that Plaintiff proffers new allegations that contradict the original allegations in an effort to avoid the statute of limitations defense advanced by Defendants in their Rule 12(b)(6) motion.  Plaintiff counters that the "proposed Second Amended Complaint addresses potential deficiencies with respect to pleading with particularity [Plaintiff's] claims of fraud and RICO violation, and provides clarification and context to issues concerning personal jurisdiction and statutes of limitation, which were brought to [Plaintiff's] attention as a result of Defendants' Motions to Dismiss filed on September 8, 10 and 28, respectively."  Docket #111 at 5 (emphasis added).  Thus, Plaintiff contends that its amendments clarify, rather than contradict, the original allegations and are not made in bad faith.

The Court has found little guidance in the Tenth Circuit as to what constitutes bad faith for purposes of a Rule 15 motion.  Defendants cite to an unpublished Tenth Circuit opinion finding that the trial court did not abuse its discretion in refusing to allow amendments that "modif[ied] certain dates with regard to actions which were originally alleged in the complaint for the apparent purpose of responding to the statute of limitations problem."  *See Ayon v. Gourley*, 1999 WL 516088, *1 (10th Cir. June 25, 1999).  Defendants also cite to an unpublished opinion from the Southern District of New York holding that proposed amendments which directly contradict allegations made in an original complaint are made in bad faith.  *See Kant v. Columbia Univ.*, 2010 WL 807442, *6 (S.D.N.Y. Mar. 9, 2010).  Plaintiff, in turn, cites an unpublished opinion from the District of Kansas allowing an amendment proffered in response to a motion to dismiss based upon the applicable statute of limitations to clarify that a contract was signed on a specific date.  *See Reese v. First Metro. Mortg. Co.*, 2003 WL 22454658, *1 n.1 (D. Kan. Oct 28, 2003).

In addition to these opinions, the Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This [new] provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments

in the [Rule 12(b)] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments.  While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

With these legal precepts in mind, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion.  Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint are proper.  However, bad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion.

Here, the Court has reviewed the red-lined copy of the Second Amended Complaint proposed by the Plaintiff.  Defendants raise two instances in which they claim that the amended allegations contradict the first amended complaint.  First, they claim that the proposed amended facts underlying Plaintiff's breach of contract claim directly contradict the original allegation that Defendants stopped making payments on the construction loan in February 2007.  Docket #104 at 6.  The Court disagrees.  The proposed amendments, explaining that Defendants temporarily stopped payments in February 2007, then "took steps" to comply with loan requirements, then finally stopped all loan obligations in February 2009, simply clarify the original allegation.  The factual accounts can be reconciled and the Court finds no bad faith in the proffer of the proposed amendments.

Likewise, the proposed amended facts underlying Plaintiff's fraud claim are not directly contradictory.  Defendants argue (both here and in their motion to dismiss) that Plaintiff learned the

6

"truth" of the facts underlying the claim in February 2007, based upon allegations made in Plaintiff's original complaint, and state here that Plaintiff's proposed amendments directly contradict such original facts. However, the original facts upon which Defendants base their argument remain in the proposed amended complaint. *See, e.g.,* docket #111-1 at ¶ 64 ("In February 2007, a meeting was held ... [t]his was the first time the Plaintiff and the Lender were made aware of or had knowledge of the existence of the Mystery Agreement."). The subsequent proposed allegations about which Defendants complain simply explain or clarify the events that occurred in that time period. The amended facts do not contradict the original allegations and the Court perceives no bad faith in the proffer of the proposed amendments.[2]

### III.    Futility of Amendments

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the motions to dismiss currently pending before the District Court in this case. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, *5 (D. Colo. Apr. 21, 2009) (unpublished). Argument about the application of Rule 15(a) in this matter may serve only to interfere with the adjudication of motions already pending before Judge Blackburn.

Thus, the Court finds that Defendant Gates, D'Alessandro & Woodyard, Inc.'s argument is more properly raised and adjudicated in its Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only *recommended* by this Court, proceeding under Rule 12 may, at

---

[2]In fact, Defendants concede their belief that the proposed amendments do *not* cure deficiencies raised in the Rule 12(b) motion (docket #104 at 2 n.1), thus contradicting their contention that Plaintiff's amendments circumvent the statute of limitations defense.

least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b).  Therefore, the Defendant

will be better served by awaiting an order by Judge Blackburn on its pending Rule 12 arguments.

*See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423,

*4 (D. Colo. June 20, 2008) (unpublished).

<u>**CONCLUSION**</u>

Rule 15(a) requires that courts "freely give leave when justice so requires."  The Supreme

Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits."

*Foman*, 371 U.S. at 182.  Here, the Court finds that Plaintiff's amendments are timely, will not

prejudice the Defendants and are made in good faith.  Accordingly, in the interests of justice and

efficiency, the Court **grants** Plaintiff's Motion for Leave to File Second Amended Complaint and

Jury Demand [underline]filed October 8, 2010; docket #70[/underline].  The Clerk of the Court is directed to file the

Second Amended Complaint and Jury Demand found at docket #70-1.  Defendants shall respond to

the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and

federal rules.

Dated at Denver, Colorado this 15th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge