IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00824-REB-MEH

FIRST AMERICAN MORTGAGE, INC.,

    Plaintiff,

v.

FIRST HOME BUILDERS OF FLORIDA,
K. HOVNANIAN FIRST HOMES, LLC,
FIRST HOME TITLE,
BUILDERS MORTGAGE COMPANY, LLC,
FIRST MORTGAGE LENDERS OF FLORIDA, LLC,
D'ALESSANDRO & WOODYARD, INC.,
GATES D'ALESSANDRO & WOODYARD, INC.,
PATRICK LOGUE, an individual, and
JAMES SUBLETT, an individual,

    Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss Based on Jurisdictional Grounds filed by Defendants Builders Mortgage Company, LLC, First Home Builders of Florida, First Home Title, Inc., Gates, D'Alessandro & Woodyard, Inc., Patrick Logue, and James Sublett [filed April 12, 2011; docket #165]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #166]. The Plaintiff and other Defendants take no position on the motion, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants in part and denies in part** the motion.

## BACKGROUND

On December 15, 2010, this Court granted Plaintiff's request to file a Second Amended Complaint [docket #112], which was filed December 17, 2010 [docket #113]. Essentially, Plaintiff claims that Defendants breached a construction loan agreement, breached a duty of good faith and fair dealing, made false representations and concealed material facts to facilitate the underwriting, approval and funding of construction loans by the Plaintiff, and engaged in a pattern of racketeering in violation of RICO. Docket #113. Defendants Builders Mortgage Co. LLC, First Home Title, Patrick Logue and James Sublett, and Gates, D'Alessandro & Woodyard, Inc. responded to the Amended Complaint by filing motions to dismiss for lack of personal jurisdiction. *See* dockets #121, #134, #139 and #140. Defendants K.Hovnanian First Homes, LLC and First Mortgage Lenders of Florida, LLC filed a "consolidated" motion to dismiss asserting that Plaintiff fails to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6) [docket #136], to which Defendant First Home Builders of Florida joined. Docket #137.

The movants here claim that a temporary stay pending resolution of the jurisdictional issues raised in their motions to dismiss is appropriate to avoid any undue burden and expense of discovery should they be summarily dismissed from the case. The Court agrees in part with movants' argument.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery until June 30, 2011 is appropriate for Defendants Builders Mortgage Co. LLC, First Home Title, Patrick Logue, James Sublett, and Gates, D'Alessandro & Woodyard, Inc.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. However, the Plaintiff has neither objected to Defendants' request nor taken any position on it; thus, to the extent that Plaintiff has an interest in proceeding expeditiously, the Court finds its interest is offset by Defendants' burden. Here, Defendants Builders Mortgage Co. LLC, First Home Title, Patrick Logue, James Sublett, and Gates, D'Alessandro & Woodyard, Inc. filed motions to dismiss all claims against them for this Court's lack of personal jurisdiction.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay

of discovery pending resolution of absolute immunity question); *see also Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden on Defendants Builders Mortgage Co. LLC, First Home Title, Patrick Logue, James Sublett, and Gates, D'Alessandro & Woodyard, Inc. resulting from conducting and responding to discovery at this early stage while the motions to dismiss are pending.

Defendant and movant First Home Builders of Florida did not file a motion to dismiss based upon jurisdictional grounds but, rather, filed a "joinder" in the motion to dismiss filed by Defendants K. Hovnanian First Homes LLC and First Mortgage lenders of Florida, LLC, which alleges Plaintiff's failure to state a claim for relief. First Home Builders of Florida makes no argument as to why a stay is necessary pending resolution of an argument brought pursuant to Fed. R. Civ. P. 12(b)(6). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Here, the Court finds that the first two factors weigh against a stay of discovery as to Defendant First Home Builders of Florida.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of

either position.  Defendants make no argument concerning the interests of non-parties or the public, and because the parties raise no issues concerning the fact that only certain parties will proceed with discovery, the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings as to the above-named Defendants.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed until June 30, 2011 as to Defendants Builders Mortgage Co. LLC, First Home Title, Patrick Logue, James Sublett, and Gates, D'Alessandro & Woodyard, Inc.  However, Defendant First Home Builders of Florida's request must be denied.  Without sufficient evidence of Defendant's claimed burden, the Court cannot justify the imposition of even a temporary stay of discovery in this matter.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss Based on Jurisdictional Grounds filed by Defendants Builders Mortgage Company, LLC, First Home Builders of Florida, First Home Title, Inc., Gates, D'Alessandro & Woodyard, Inc., Patrick Logue, and James Sublett [filed April 12, 2011; docket #165] is **granted in part and denied in part**.  A temporary stay of discovery until June 30, 2011 is hereby imposed only as to Defendants Builders Mortgage Company, LLC, First Home Title, Inc., Gates, D'Alessandro & Woodyard, Inc., Patrick Logue, and James Sublett. The stay shall be lifted on July 1, 2011 or upon the denial (whether in whole or in part) of their motions to dismiss for lack of personal jurisdiction, whichever occurs first.  These Defendants shall file a status report within five (5) days of any order denying or denying in part their motions to dismiss, informing the Court of the order and the status of discovery undertaken, if any.  Defendant First Home Builders of Florida's request for a temporary stay of discovery is denied.

Dated at Denver, Colorado, this 19th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge