**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 10-cv-00824-RBJ-MEH

FIRST AMERICAN MORTGAGE, INC.,

    Plaintiff,

v.

FIRST HOME BUILDERS OF FLORIDA;
K. HOVNANIAN FIRST HOMES, LLC;
FIRST HOME TITLE;
BUILDERS MORTGAGE COMPANY, LLC;
FIRST MORTGAGE LENDERS OF FLORIDA, LLC;
D'ALESSANDRO & WOODYARD, INC.;
GATES, D'ALESSANDRO & WOODYARD, INC.;
PATRICK LOGUE, an individual; and
JAMES SUBLETT, an individual.

    Defendants.

---

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

---

THIS COURT is advised that the parties in this action have sought and may in the future seek discovery of information and documents that the disclosing party deems to constitute, contain or reveal "Confidential Information," as that term is defined herein below. Therefore, in order to facilitate and expedite the discovery of Confidential Information, the parties and their respective counsel have agreed that such discovery will be subject to this Stipulated Protective Order ("Order"), hereby entered pursuant to Fed. R. Civ. P. 26(c).

IT IS HEREBY AGREED AND ORDERED:

1.    <u>Definitions</u>. The following definitions shall apply:

190941

(a) The word "Litigation" means the above-captioned case.

(b) "Discoverable Matter" means all information, documents and other tangible things that are discoverable in the Litigation, in any form or format, including, but not limited to, interrogatory answers; requests to admit and responses thereto; documents and tangible things produced in this Litigation by any party, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement; deposition testimony, transcripts thereof and exhibits thereto; and any quotation from, description of, or summary of any of the foregoing.

(c) "Confidential Information" means all Discoverable Matter that meets the following criteria:

　　(i) The Discoverable Matter constitutes, contains or reveals any personal identifying information as defined in Colo. Rev. Stat. § 13-21-122(2) and as also referenced in the Gramm-Leach-Bliley Act of 1999 as "Non-public Personal Information" or "NPI," information entitled to protection under Fed. R. Civ. P. 26(c)(7), the Uniform Trade Secrets Act, Colo. Rev. Stat. 7-74-101, et seq., or otherwise provided by law;

　　(ii) The party designating the Discoverable Matter as confidential (the "Designating Party") believes in good faith that the Discoverable Matter merits protection under Fed. R. Civ. P. 26(c); and

　　(iii) The Discoverable Matter is designated as confidential pursuant to Paragraph 2, below.

Notwithstanding this Paragraph 1(c), the confidentiality provisions of this Order do not apply to Confidential Information already in the possession of any non-Designating Party, unless obtained pursuant to a prior confidentiality agreement or protective order issued by a court of competent jurisdiction.

(d) "Qualified Person" means and refers to:

　　(i) The parties;

　　(ii) Each party's respective undersigned counsel of record in the Litigation, and associate attorneys, paralegals, and clerical

- 3 -

        employees associated with them who have a need to know the Confidential Information;

(iii)    Any expert witness or consultant retained by any party in the Litigation, or any fact witness, who signs Exhibit "A" attached hereto and incorporated herein, which signed Exhibit "A" shall be retained by counsel of the party that causes the execution of Exhibit "A" until a date two years following termination of the Litigation as described in Paragraph 7, below; and

(iv)    The Court, and law clerks, secretaries and clerical employees associated with the Judge.

2.    <u>Designating Confidential Information</u>.  The Designating Party may designate Discoverable Matter as confidential by placing the word "CONFIDENTIAL" or words of similar import on all pages and tangible things constituting, containing or revealing Confidential Information; and by such other reasonable means as the parties may agree or as the Court may order.  To the extent documents are produced electronically, a Party may also mark a disc or other media containing Confidential Information as "Confidential."  The stamp shall not cover or obscure any portion of the text or contents of the document and in the case of ESI shall not impede word searches.  In the case of deposition or hearing testimony, such designation shall be made by identifying by reference to page and line those portions of the transcript to be designated as Confidential Information, within thirty (30) days of counsel's receipt of the transcript.  Non-documentary material shall be designated as Confidential Information by some suitable and conspicuous means, given the form of the particular embodiment.  Any failure to designate Discoverable Matter as confidential at the time of, or promptly after, production may be cured by a subsequent designation within a reasonable period

- 4 -

of time.  All Discoverable Matter designated as confidential shall be subject to this Order unless and until the Designating Party otherwise agrees or the Court otherwise orders.

       3.     <u>Use of Confidential Information</u>.  Each Qualified Person given access to any Confidential Information shall maintain the Confidential Information in strict confidence and shall not disclose the Confidential Information to any other person, firm or enterprise, except another Qualified Person or as otherwise permitted in this Order, and shall not use any Confidential Information for his, her or its own purposes or for any purpose other than proper use of the Confidential Information in this Litigation, subject to this Order.

       4.     <u>Filing Confidential Information</u>.  All Confidential Information filed with the Court, and all pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court.  Where possible, only those portions of papers filed with the Court that contain, constitute or reveal Confidential Information shall be filed under seal.  Any document designated as confidential that is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action and identification of each document within the envelope or container, and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER: This envelope (or container) containing the above-identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties.

5. <u>Court Proceedings</u>.  Confidential Information may be offered in evidence at trial or any court hearing.  Any party may move the Court for an Order that the evidence be received *in camera* or subject to other conditions to prevent unnecessary disclosure.  Discoverable Matter designated as confidential shall not lose its status as Confidential Information because it is used in any court proceeding herein, unless the confidential status of such Confidential Information is expressly waived by the Designating Party, or upon order of the Court.

6. <u>Contested Designations</u>.  Any party may challenge the designation of Confidential Information.  A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time of the designation, and a failure to do so shall not preclude a subsequent challenge thereto.  The designation of a document or information as confidential shall not create any presumption with regard to the actual confidentiality of such document or information, nor shall it affect the burden of proof necessary for obtaining a protective order pursuant to Fed. R. Civ. P. 26(c).  The disputed material shall continue to be treated as Confidential Information until any motion challenging the confidential designation is determined.

7. <u>Termination of the Litigation</u>.  Upon the termination of the Litigation in any manner, including, but not limited to, a final judgment after appeal (if any) or by a settlement, each Qualified Person shall upon request return all Confidential Information

to the Designating Party or the Designating Party's counsel, along with all copies thereof in his, her, or its possession, custody or control, and shall certify in writing that all such Confidential Information and copies have been returned.  As an alternative, each Qualified Person may destroy all Confidential Information, and all copies and/or summaries of Confidential Information, including notes or other memoranda or writings regarding the contents of such Confidential Information.  Each Qualified Person shall thereupon provide the Designating Party's counsel with a written certification that, to the best of his, her, or its knowledge and information, all such Confidential Information has been destroyed.  However, the foregoing obligations shall not extend (i) to any Confidential Information embodied in materials protected by any applicable privilege or the work product doctrine; and (ii) to the extent contained within depositions, pleadings, and other court filings, so long as the retaining party adheres to its confidentiality obligations set forth herein in the same manner as was required herein prior to termination of this Litigation.  Counsel for each party in this Litigation may also retain one copy of any and all items constituting Confidential Information for purposes of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree or order of judgment disposing of all or part of the Litigation.

8.     <u>Effect of Order</u>.  Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in the Litigation.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation

of producing information in the course of discovery. This Order shall not prevent any of the parties from applying to the Court for relief herefrom or from other Orders, or from agreeing between or among themselves to a modification of this Order, subject to the approval of the Court.

9. <u>Permitted Disclosures</u>. Nothing shall prevent disclosures beyond the terms of this Order by the Designating Party or if the Designating Party consents to such disclosure. Nothing in this Order shall be deemed to restrict in any manner the use by any party or its counsel of any information independently obtained or in its own documents and materials. Further, nothing in this Order shall prohibit a party or its counsel from disclosing a document that includes Confidential Information to the person whom the document or material identifies as an author, addressee, or recipient of such a document. Nothing in this Order shall prevent any party to this action from disclosing or producing any documents containing Confidential Information or information designated as CONFIDENTIAL, pursuant to a subpoena or other lawful process.

10. <u>Jurisdiction of Court</u>. Each Qualified Person agrees that this Court shall have, and shall retain after this action is terminated, jurisdiction over it and them for the purpose of enforcing this Order.

11. <u>Breach</u>. Any breach of the provisions of this Order may subject the breaching party to an injunction, damages, or such other sanctions which, in the discretion of the Court, are necessary to ensure compliance with this Order, as within or authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

12. <u>Relation to Fed.R.Civ.P. 26</u>. Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26(c)(7).

13. <u>Effective Date</u>. This Order is binding on the parties immediately upon execution by their respective counsel below. Entry of this Order is not a precondition of the enforceability of the terms set forth above.

SO ORDERED on this 5th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

SO STIPULATED on this 2nd day of December, 2011.

**BIEGING SHAPIRO & BARBER LLP**

By: /s/ Steven T. Mulligan
Steven T. Mulligan, No. 19901
4582 S. Ulster Street Parkway, Suite 1650
Denver, CO 80237
Telephone: (720) 488-0220
Fax: (720) 488-7711

Attorneys for First American Mortgage, Inc.

**FAEGRE & BENSON LLP**

By: /s/ Nadia G. Malik
Marie E. Williams
Nadia G. Malik
1700 Lincoln Street, Suite 3200
Denver, CO 80203
Telephone: (303) 607-3500
Fax: (303) 607-3600

Attorneys for Builders Mortgage Company, LLC

**FOSTER GRAHAM MILSTEIN & CALISHER LLP**

By: /s/ Michael G. Milstein
Michael G. Milstein, No. 23833
Stephen A. Fermelia
Laura M. Martinez
621 Seventeenth Street, 19th Floor
Denver, CO 80293
Telephone: (303) 333-9810
Fax: (303) 333-9786

Attorneys for First Home Title

**REILLY POZNER LLP**

By: /s/ Katherine Roush
Katherine C. Modesitt
Katherine Roush
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 893-6100
Fax: (303) 893-6110

Attorneys for Patrick Logue, James Sublett and First Home Builders of Florida

- 10 -

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**


By: /s/ Melissa C. Pallet-Vasquez
Robert W. Turken
Melissa C. Pallet-Vasquez
200 South Biscayne Blvd. Suite 2500
Miami, FL  33131-5340
Telephone:  (305) 350-2393
Fax:  (305) 351-2298

**HOROWITZ & BURNETT, P.C.**


By: /s/ Kevin S. Neiman
Robert M. Horowitz
Kevin S. Neiman
1600 Lincoln Street, Suite 1900
Denver, CO  80264
Telephone:  (303) 996-8600
Fax:  (303) 996-9636

Attorneys for K. Hovnanian First Homes, LLC and First Mortgage Lenders of Florida, LLC

**EXHIBIT "A"**

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I, _____, agree as follows:

I have read the Stipulated Protective Order ("Order") entered in *First American Mortgage, Inc. v. First Home Builders of Florida*, *et al.*, Case No. 10-CV-00824, pending in the United States District Court for the District of Colorado, a copy of which is annexed hereto.

1. I understand and agree to comply with all terms of the Order.

2. I promise that any Confidential Information provided to me under the Order will be used by me only in connection with the Litigation. I further promise that I will not disclose any Confidential Information provided to me under the Order except as set forth in the Order.

3. I promise that I will return, at the request of such counsel, all Confidential Information to counsel who provided me with the Confidential Information.

4. I further promise and understand that I may be subject to sanctions imposed by the Court and to a claim for damages if I fail to abide by and comply with all of the terms of the Order.

NAME: _____

EMPLOYER: _____

OCCUPATION: _____

BUSINESS ADDRESS: _____

BUSINESS TELEPHONE NUMBER: _____

DATED: _____

_____
(signature)